Eric Aguilera, Esq. (SBN 192390)
Lindsee Falcone, Esq. (SBN 268072)
V. René Daley, Esq. (SBN 199914)
**THE AGUILERA LAW GROUP, APLC**
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
lfalcone@aguileragroup.com
rdaley@aguileragroup.com

Attorneys for Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PROJECT FROG, INC., a Delaware corporation; USS CAL BUILDERS, INC., a California corporation; ROCKHILL INSURANCE COMPANY, and DOES 1 through 10 inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) EQUITABLE REIMBURSEMENT;**<br>**(3) EQUITABLE CONTRIBUTION** |

For their claims against Defendant USS CAL BUILDERS, INC., Defendant PROJECT FROG, INC., ROCKHILL INSURANCE COMPANY, and Does 1 through 10, Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT allege as follows:

///

1

# JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is now and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT shall collectively be referred to herein as "Travelers."

4. Defendant USS CAL BUILDERS, INC. ("USS Cal") is now, and at all relevant times was, a corporation, existing under the laws of the state of California, with its principal place of business in Stanton, California.

5. Defendant PROJECT FROG, INC. ("Project Frog") is now, and at all relevant times was, a corporation, existing under the laws of the state of Delaware with its principal place of business in San Francisco, California.

6. Defendant ROCKHILL INSURANCE COMPANY ("Rockhill") is, and at all relevant times hereto was, an Arizona corporation, with its principal place of business in Kansas City, Missouri. Rockhill is, and at all relevant times was, an insurance carrier eligible to do business in California, and issued policies of insurance to Atlas Pellizzari Electric Inc., as further detailed below.

7. Defendants sued herein as DOES 1 through 10 (hereinafter, the "Doe Defendants"), inclusive, are sued herein by such fictitious names because Travelers is unaware of the true names and capacities of said Doe Defendants.  Travelers will amend this Complaint

1. to reflect the true names when the true names are ascertained. Travelers is informed and believes and thereon alleges that said Doe Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

8. USS Cal, Project Frog, and the Doe Defendants 1-5 shall be collectively referred to as the "Defendants" in this complaint. Rockhill and Doe Defendants 6-10 shall be collectively referred to as the "Insurer Defendants" in this complaint.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interests, six hundred and fifty thousand dollars ($650,000), which represents fees and costs sought by the Defendants from Travelers in connection with their defense and/or indemnification in the Underlying Litigation (defined at paragraph 16, *infra*). This Court has diversity jurisdiction as Travelers is domiciled in Connecticut and the Defendants are domiciled in California, Arizona and Delaware.

**VENUE**

10. Travelers is informed and believes and thereon alleges that this Court has personal jurisdiction over the Defendants, and each of them, as they are, at all relevant times hereinafter mentioned, general contractors incorporated, headquartered, and/or engaged in the business of commercial construction and development in the State of California. Travelers is further informed and believes and thereon alleges that this Court has personal jurisdiction over the Insurer Defendants, and each of them, as they are, at all relevant times hereinafter mentioned, insurance companies authorized to do business in the State of California. Moreover, venue is proper as the Underlying Litigation is either currently pending or was litigated within this district.

**GENERAL ALLEGATIONS**

**The Policies Issued By Travelers**

11. TRAVELERS issued the following policies of insurance:

(a) Policy no. C01D274421, effective 06/01/13 to 06/01/19, issued to T3, Inc. ("T3 Policies");

      (b) Policy no. DT22-CO-2D655067, effective 7/1/13 to 7/1/17, issued to Frank M Booth, Inc. dba Valley Sheet Metal ("Valley Policies");

      (c) Policy no. 4T22-CO-3080P324, effective 10/1/12 to 10/1/18, issued to ASF Electric, Inc. ("ASF Policies");

      (d) Policy no. DT22-CO-8089A274, effective 10/1/13 to 10/1/18, issued to Young Electric ("Young Policies");

      (e) Policy no. Y-630-5K16689A, effective 4/1/13 to 4/1/19, issued to Epic Metal Corporation ("Epic Policies"); and

      (f) Policy nos. Y-630-4966L804, effective 7/1/12 to 7/1/13, and Y-630-4966L804, effective 7/1/13 to 7/1/17, issued to Blazer Industries, Inc. ("Blazer Policies").

The above referenced policies are collectively referred to as the "Policies" and the above referenced insureds to whom these policies were issued are collectively referred to as the "Named Insureds".

    12. Neither Project Frog nor USS Cal are specifically named as insureds under any of the Policies.

    13. All of the policies provide Travelers the right and duty to defend any insured, stating the following or language substantially similar to the following: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for bodily injury' or 'property damage' to which this insurance does not apply."

    14. The T3, ASF, Valley, and Young Policies contain the following Additional Insured Endorsement language:

1. WHO IS AN INSURED - (SECTION II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

  a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

  b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omission of such person or organization.

15. The Blazer Policies include the following language:

"The following is added to SECTION II – WHO IS AN INSURED:

Any person or organization that is a vendor and that you have agreed in a written contract or agreement to include as an additional insured on this Coverage Part is an insured, but only with respect to liability for 'bodily injury' or 'property damage' that:

 a. is caused by an 'occurrence' that takes place after you have signed and executed that contract or agreement; and

 b. Arises out of 'your products' which are distributed or sold in the regular course of such vendor's business.

The insurance provided to such vendor is subject to the following provisions:

…

 b. The insurance provided to such vendor does not apply to:

  (1) 'Bodily injury' or 'property damage' for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

  …

  (6) Demonstration, installation, servicing or repair operations, except such operations performed at such vendor's premises in connection with the sale of 'your products;'

16. The Epic Policies contain no endorsements providing coverage as an additional

insured to any party with whom Epic agreed to provide such coverage in a written contact.

**The Underlying Litigation**

17. This action arises out of coordinated proceedings involving the construction and renovation of classrooms at numerous school campuses in the San Francisco Unified School District. The coordinated proceedings are entitled *USS Cal School Construction Cases, Coordinated Proceedings*, San Francisco County Superior Court, Case No. CJC-17-004928, Judicial Council Coordination Proceeding No. 4928 (the "Underlying Litigation"). The coordinated proceedings include the following actions:

a) *USS Cal Builders, Inc. v. South San Francisco Unified School District*, San Mateo County Superior Court, Case No. 16CIV02834;

b) *Richard Hancock, Inc. v. Project Frog, Inc.*, filed in the San Mateo County Superior Court, Case No.16CIV01589;

c) *Cupertino Electrics, Inc. v. Atlas Pellizzari Electric, Inc.*, San Mateo County Superior Court, Case No. 16CIV01556;

d) *A Tiechert & Son, Inc. dba Tiechert Construction v. Berkeley Cements, Inc.*, San Mateo County Superior Court, Case No. 16CIV01826;

e) *Joseph J. Albanese, Inc. v. USS Cal Builders, Inc.*, San Mateo County Superior Court, Case No. 16CIV02198;

f) *Western Allied Mechanical, Inc. v. USS Cal Builders, Inc.*, Orange County Superior Court, Case No. 30-2017-00902899-CU-BC-CJC;

g) *Project Frog, Inc. v. USS Cal Builders, Inc.*, San Francisco County Superior Court, Case No. CGC-16-554758;

h) *Pioneer Contractors, Inc. v. USS Cal Builders*, San Francisco County Superior Court, Case No. CGC-16-556219;

i) *USS Cal Builders, Inc. v. Project Frog, Inc.*, San Francisco County Superior Court, Case No. CGC-17-558059;

j) *S&R Drywall, Inc. v. USS Cal Builders, Inc.*, San Mateo County Superior Court, Case No. 1CIV05118;

k) *Stich Construction, Inc. v. USS Cal Builders, Inc.*, San Mateo County Superior Court, Case No. 18CIV03192;

l) *Trident Installations v. Project Frog, Inc.*, San Francisco County Superior Court, Case No. CGC-18-570623;

m) *USS Cal Builders, Inc. v. Project Frog, Inc.*, San Mateo County Superior Court, Case No. CIV537635;

n) *Dinelli Plumbing Incorp. v. USS Cal Builders, Inc.*, San Mateo County Superior Court, Case No. CIV538974;

o) *Alten Construction v. Project Frog, Inc.*, San Mateo County Superior Court, Case No. CIV538555;

p) *Atlas Pellizzari Electric, Inc. v. USS Cal Builders*, San Mateo County Superior Court, Case No. CIV538968;

q) *Waterproofing, Inc. v. Project Frog*, San Mateo County Superior Court, Case No. CIV538989.

18. The allegations of the Underlying Litigation center around USS Cal's claim that the San Francisco Unified School District ("SFUSD") retained USS Cal to purchase and install modular school buildings on at least 15 school campuses in the district and to remodel the Westborough Science Center (the "Project") pursuant to separate, campus specific, written contracts. USS Cal claimed that SFUSD refused to pay in excess of $20 million owed for the Project and SFUSD claimed that the contracts were not valid and that there was property damage due to faulty construction of the modular school buildings.

19. On or about December 14, 2016, USS Cal filed its complaint against SFUSD for breach of written contract and recovery of statutory penalties.

20. On or about March 10, 2017, SFUSD cross-complained for breach of contract, negligence, and money had and received.

21. Travelers is informed and believes that the evidence in this action confirms that the entirety of SFUSD's allegations of defects and resulting damage arose from the modular installation projects.

22. On or about May 20, 2017, USS Cal filed a cross-complaint against Project Frog, Inc., alleging breach of contract, contribution, and indemnity based on SFUSD's allegations of "incomplete and defective work." Additionally, USS Cal has alleged that Project Frog did not maintain its licensing as a contractor without interruption during the entirety of the Project.

**Tenders to Travelers**

23. USS Cal tendered its defense in the Underlying Litigation to Travelers pursuant to the ASF Policies and the T3 Policies. USS Cal contends that it is an additional insured pursuant to these policies for the claims asserted by SFUSD in the Underlying Litigation.

24. Travelers accepted the tender of the defense of USS Cal pursuant to one or more of the ASF Policies and the T3 Policies subject to reservations of rights. Travelers appointed counsel to defend USS Cal in the Underlying Litigation. Travelers has incurred more than $300,000 in fees and costs for the defense of USS Cal in the Underlying Litigation.

25. Project Frog tendered its defense in the Underlying Litigation to Travelers pursuant to the Blazer Policies, ASF Policies, Valley Policies, Young Policies, and Epic Policies. Project FROG contends that it is an additional insured pursuant to the Policies for the claims asserted by USS Cal in the Underlying Litigation.

26. Travelers accepted the tender of the defense of Project Frog pursuant to one or more of the Blazer Policies, ASF Policies, Valley Policies, and Young Policies. Travelers appointed counsel to defend Project Frog in the Underlying Litigation. Travelers has incurred more than $350,000 in fees and costs for the defense of Project Frog in the Underlying Litigation.

**Rockhill Policies and Tender to Rockhill**

27. Travelers is informed and believes that Rockhill insured Atlas under commercial general liability policy numbers RCGLPG00690-00, effective June 26, 2014 to June 26, 2015; RCGLPG00690-01, effective June 26, 2015 to June 26, 2016; and RCGLPG00690-02, effective June 26, 2016 to June 26, 2017.

28. Travelers is informed and believes that the policies include the following:

SECTION I –COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

. . . .

**ADDITIONAL INSURED OWNERS, LESSEES OR CONTRACTORS - (FORM B)**
This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART.
**SCHEDULE**
**Name of Person or Organization:**
Any person or organization to which you are obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to (1) occurrences taking place after such written contract has been executed and (2) occurrences resulting from work performed by you during the policy period, or occurrences resulting from the conduct of your business during the policy period.

A person or organization that qualifies as an "insured" under the above paragraph of this Endorsement shall be an additional insured solely with respect to such additional insured's liability for "bodily injury," property damage" or "personal and advertising injury" caused in whole or in part by your acts or omissions in the performance of "your work" for the additional insured on or at "commercial construction projects."

29. Travelers is informed and believes that USS Cal. tendered its defense to Rockhill pursuant to contracts with Atlas wherein Atlas agreed to include USS Cal as an additional insured on its policies.

30. Travelers is further informed and believes that Rockhill initially accepted the

defense of USS Cal.

31. However, Travelers is informed and believes that Rockhill has since disclaimed its duty to defend USS Cal based on its position that the voiding of USS Cal's contracts also voids any subcontracts into which USS Cal entered. Travelers is informed and believes that Rockhill has refused and/or failed to pay any fees and costs of the defense of USS Cal.

**USS Cal's Contracts Have Been Held To Be Void, Thereby Precluding Claims by SFUSD for Property Damage Covered Under The Policies**

32. In the course of discovery in the Underlying Litigation, it was revealed that the written contracts for the Project between SFUSD and USS Cal were void. As a result, SFUSD brought a motion for summary judgment on the issue.

33. On February 7, 2020, the Court held that 15 of the 16 contracts were void. Specifically, the Court held that Cal. Evid. Code §§ 17604, 17280, 17295, 17297, and 17307, required contracts to be ratified or approved by the governing board for the school district through a formal vote memorialized in board meeting minutes and also that any contract not first approved by the California Department of General Services, Division of the State Architect was invalid. The Court further held that USS Cal's 15 contracts for the modular installations at the Project did not comply with either of these requirements and were therefore void. The only contract not held void was unrelated to the installation of modular buildings, and instead was only for the remodel of the Westborough Science Center.

34. Travelers is informed and believes that as a result of the Court's order, SFUSD can no longer seek covered damages arising from defective work at the Project from USS Cal and SFUSD.

35. Because SFUSD is no longer seeking any damages potentially covered under the T3 Policies and the ASF Policies, USS Cal no longer qualifies as an additional insured under said policies and Travelers owes no continuing duty to defend USS Cal.

36. In turn, because SFUSD is no longer seeking recovery for any potentially covered property damage from USS Cal, USS Cal cannot pursue liability arising out of potentially covered property damage from Project Frog. USS Cal cannot be indemnified against damages

not sought by SFUSD. Further, because USS Cal does not own the property alleged to be damaged, it cannot seek recovery on its own for any such alleged defects because USS Cal cannot have been damaged by said defects.

37. Because USS Cal is no longer seeking any damages from Project Frog arising from any potentially covered claims under the Blazer Policies, ASF Policies, Valley Policies, and Young Policies, Project Frog no longer qualifies as an additional insured under said policies and Travelers owes no continuing duty to defend Project Frog.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Travelers Against Defendants USS Cal, Project Frog, and DOES 1-5)

38. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

39. An actual, present, and justiciable controversy has arisen and now exists between Travelers, on the one hand, and the Defendants on the other, concerning Travelers' rights, duties, and obligations under the Policies.

40. Travelers contends that it does not have an obligation to defend the Defendants in the Underlying Litigation for a variety of reasons, including but not limited to, that the remaining damages sought in the Underlying Litigation do not fall within the scope of coverage of the policies, the remaining damages in the Underlying Litigation are excluded from coverage, and the Defendants do not qualify as an insured or additional insured with respect to the claims alleged in the Underlying Litigation. Travelers is informed and believes that the Defendants dispute this contention and instead contend that Travelers has an obligation to continue to defend the Defendants in the Underlying Litigation.

41. An actual controversy presently exists between Travelers and Defendants regarding Travelers' obligation to defend the Defendants in the Underlying Litigation.

42. Travelers has no complete and adequate remedy at law to resolve this dispute. Travelers seeks a judicial resolution of the controversy and a declaration that it does not have an obligation to defend the Defendants in the Underlying Litigation.

43. By reason of the foregoing, a declaratory judgment is both proper and necessary

so that the respective rights, duties, and obligations as between Travelers and Defendants may be determined under the provisions of the Policies.

## SECOND CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT
### (By Travelers Against Defendants USS Cal, Project Frog, and DOES 1-5)

44. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

45. Travelers has paid and will pay certain defense fees and costs incurred in the defense of the Defendants in the Underlying Litigation. Travelers did not pay these sums as a volunteer. When Travelers agreed to participate in the defense of the Defendants, Travelers reserved its rights to seek reimbursement from each Defendant for any defense related payments that it may make that are not potentially covered under the Policies.

46. The Policies limit Travelers' obligation to defend to only those claims covered under the Policies. To the extent that Travelers pays fees or costs incurred by or on behalf of the Defendants in connection with the Underlying Litigation for the defense of claims that are not potentially covered under the Policies, the Defendants will have been unjustly enriched by such payments.

47. In the course of the Underlying Litigation, it was revealed, and the court held, that the written contracts for the Project were void. Travelers is informed and believes that as a result of the Court's order, SFUSD is not seeking damages arising from defective work at the Project and SFUSD cannot seek such damages. Because SFUSD is no longer seeking any damages potentially covered under the T3 Policies and the ASF Policies, USS Cal no longer qualifies as an additional insured under said policies and Travelers no longer owes any defense duty to USS Cal so this cause of action is ripe as to USS Cal.

48. In turn, because SFUSD is no longer seeking recovery for any potentially covered property damage from USS Cal, USS Cal cannot pursue liability arising out of potentially covered property damage from Project Frog. USS Cal cannot be indemnified against damages not sought by SFUSD. Further, because USS Cal does not own the property alleged to be damaged, it cannot seek recovery on its own for any such alleged defects because USS Cal

cannot have been damaged by said defects. Because USS Cal is no longer seeking any damages arising from any potentially covered claims under the Blazer Policies, ASF Policies, Valley Policies, and Young Policies, Project Frog no longer qualifies as an additional insured under said policies and Travelers no longer owes any defense duty to Project Frog so this cause of action is ripe as to Project Frog as well.

49. The Defendants have been unjustly enriched by payments made by Travelers for the defense of claims not potentially covered under the Policies.

50. As a result of the unjust enrichment of the Defendants, a quasi-contractual right of reimbursement has arisen in favor of Travelers in the amount paid for the defense of claims that are not potentially covered under the Policies, plus interest. The precise amount of the reimbursement will be subject to proof at trial.

**THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION**

**(By Travelers Against Defendants Rockhill, and DOES 6-10)**

51. Travelers hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

52. Travelers is informed and believes and thereon alleges policy(ies) issued by Rockhill and Does 6-10 provide liability insurance to USS Cal and/or Project Frog, designating USS Cal and/or Project Frog as a named insured or additional insured thereon. Travelers is further informed and believes and thereon alleges the allegations made, pleaded, or otherwise asserted against USS Cal and/or Project Frog in the Underlying Action, if true, set forth claims for damages which are or were potentially covered under each of the policies.

53. As such, Insurer Defendants, and each of them, are or were obligated to participate in the defense and/or indemnification of Insurer Defendants in the Underlying Action by reason of their respectively underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under their respective policies.

54. All conditions precedent to each of Insurer Defendants' obligations under their respective policies of insurance have been satisfied, waived, and/or excused. Each of Insurer

Defendants' obligations to defend and/or indemnify Insurer Defendants are due and owing.

55. Insurer Defendants, and each of them, have to date failed to participate in the defense and/or indemnification of USS Cal/Project Frog, and/or failed to contribute a full and equitable share toward the costs of defending and/or indemnifying USS Cal/Project Frog which have been incurred and which are being incurred in connection with the Underlying Action.

56. By reason of each Insurer Defendants' failure to discharge their obligations and equitably participate in the defense and/or indemnification of USS Cal/Project Frog, Travelers incurred and/or paid more costs than they would have, had Insurer Defendants agreed to defend and/or contribute a full and equitable share to the defense and/or indemnity of USS Cal/Project Frog in performance of their due and owing obligations under their respective insurance policies.

57. Each Insurer Defendants' failure to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that Travelers paid more than its equitable share of the costs of defending and/or indemnifying USS Cal/Project Frog in the Underlying Action without the participation of Insurer Defendants in paying for such costs.

58. Because of each Insurer Defendants 'wrongful failure to discharge their obligations under their respective policies of insurance, Travelers is entitled to an award of equitable contribution, to reimburse it for costs equivalent to each Insurer Defendants' fair and equitable proportionate share of the total costs of defense and/or indemnification incurred in connection with the claims against USS Cal/Project Frog in the Underlying Action, with interest thereon at the prescribed legal rate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Travelers prays for judgment as follows:

1. For declarations of this Court of the following:

    (a) Travelers has no duty to defend USS Cal in the Underlying Litigation pursuant to any of the Policies;

    (b) Travelers has no duty to defend Project Frog in the Underlying Litigation

pursuant to any of the Policies;

2. For general damages in an amount to be proven at trial, but in no event less than $650,000;

3. For prejudgment interest;

4. For costs of suit herein; and

5. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Travelers hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure § 38(b).

DATED:  December 17, 2021            **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera
Lindsee B. Falcone
V. René Daley
Attorneys for TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT