James T. Derfler (SBN 180367)
*Email:* jderfler@wlfllp.com
WALSH LEA FURCOLO LLP
402 West Broadway, Suite 1010
San Diego, CA 92101
Telephone: (619) 232-8486
Facsimile: (619) 232-2691

Attorneys for Defendant
USS CAL BUILDERS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PROJECT FROG, INC., a Delaware corporation; USS CAL BUILDERS, INC., a California corporation; ROCKHILL INSURANCE COMPANY, and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO. 3:21-cv-09727-AMO**<br><br>**USS CAL BUILDERS, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FOR REIMBURSEMENT OF DEFENSE EXPENSES FROM USS CAL**<br><br>**DATE:** December 17, 2026<br>**TIME:** 2:00 P.M.<br>**DEPT.** 1301 Clay Street<br>Oakland, CA<br><br>District Judge:<br>Hon. Araceli Martínez-Olguín |

Defendant USS Cal Builders, Inc. (USS Cal) — pursuant to Fed.R.Civ.P. Rule 56 — files its opposition to the motion for summary judgment for reimbursement of defense expenses filed by plaintiffs Travelers Property Casualty Company Of America and Travelers Indemnity Company Of Connecticut

# Table of Contents

TABLE OF CONTENTS ........ i
TABLE OF AUTHORITIES ........ ii
I. SUMMARY OF ARGUMENT ........ 2
II. TRAVELERS' REIMBURSEMENT CLAIM ........ 3
A. DALEY DECLARATION ........ 3
B. WARE DECLARATION ........ 4
III. ISSUE AT BENCH ........ 4
IV. LEGAL AUTHORITY ........ 5
A. SUMMARY-JUDGMENT STANDARD ........ 5
1. Conflicting & Unsupported Evidence ........ 5
V. ARGUMENT ........ 6
A. TRAVELERS PROFFERS CONFLICTING & UNSUPPORTED EVIDENCE IN SUPPORT OF ITS MSJ ........ 6
1. Evidence In The Daley Declaration Does Not Altogether Correspond With The Evidence In the Ware Declaration ........ 6
B. TRAVELERS FAILED TO PRODUCE DOCUMENTS PRIOR TO DISCOVERY CUTOFF THAT ESTABLISH ALL CLAIMED DAMAGES ........ 9
1. Travelers' Failure To Produce All Of Its Supporting Documents Before The Factual Discovery Cutoff Renders The Evidence Inadmissible ........ 9
C. TRAVELERS' DEFENSE OF USS CAL THROUGH SEPARATE COUNSEL DUPLICATED THE EFFORTS OF DEFENSE COUNSEL RETAINED BY USS CAL'S INSURER ........ 10
VI. ADMIRAL'S EVIDENTIARY OBJECTIONS ........ 12
VII. CONCLUSION ........ 13



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

# Table of Authorities

**CASES**

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144, 159-60 (1970) .......... 5

*Aerojet-General Corp. v. Transport Indem. Co.*,
17 Cal.4th 38, 58 (1997) .......... 11

*Buss v. Superior Court*,
16 Cal.4th 35, 53 (1997) .......... 10

*Celotex Corp. v. Catrett*,
477 U.S. 317, 323-24, 327 (1986) .......... 5

*Cont'l Ins. Co. v. Premier Transp. & Warehousing, Inc.*,
2019 WL 8628717 at *31 (C.D. Cal 2019) .......... 8

*GCB Communs., Inc. v. Next-G Commun., Inc.*,
2011 U.S. Dist. LEXIS 163224 at *5 (D. Ariz. 2011) .......... 8

*Guillen v. Thompson*,
2010 WL 2595140, at *25 (D. Ariz. 2009) .......... 5

*In re Oracle Corp. Sec. Litig.*,
627 F.3d 376, 387 (9th Cir. 2010) .......... 5

*L.D. v. EzyRoller, LLC*,
2024 WL 5416670, at *12 (C.D. Cal. 2024 .......... 10, 12, 13

*Mirshafiei v. Legal Recovery Law Offices, Inc.*,
2016 U.S. Dist. LEXIS 143625 at *15, fn. 15 (C.D. Cal. 2016) . 10, 12, 13

*Moten v. Pulido*,
2024 WL 4229315 at *25 (C.D. Cal. 2024) .......... 5

*Scottsdale Ins. Co. v. MV Transportation*,
36 Cal.4th 643 (2005) .......... 3



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

*Soremekun v. Thrifty Payless, Inc.*,
509 F.3d 978 , 984 (9th Cir. 2007) ........................................................ 5
*Thayer v. Wells Fargo Bank, N.A.*,
92 Cal. App. 4th 819, 844 (2001) ........................................................ 11
*Tribble v. Evangelides*,
670 F.3d 753, 760 (7th Cir. 2012) .............................................. 10, 12, 13

**RULES**

Fed.R.Civ.P. Rule 26 ........................................................................... 10
Fed.R.Civ.P. Rule 26(a) or (e) ........................................................ 2, 9, 10, 12
Fed.R.Civ.P. Rule 37(c)(1) .......................................................................... 9, 12
Fed.R.Civ.P. Rule 56 ........................................................................... 1, 5



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

(collectively "Travelers").

## I.

## SUMMARY OF ARGUMENT

Travelers through the present motion for summary judgment (MSJ) seeks equitable reimbursement from USS Cal in the amount of $1,557,106.19 in defense fees and costs incurred by Travelers in defending USS Cal in an underlying action. USS Cal opposes Travelers' motion on the basis that there are genuine issues of material fact.

In support of reimbursement, Travelers proffers as evidence a declaration that attaches what appears to be a summary of payments in the form of line-items for each payment made to defense counsel retained by Travelers on behalf of USS Cal. The payments total $1,557,106.19.

Travelers also proffers as evidence a second declaration that attaches what appears to be payment records for each line-item payment.

A review of the payment records in the second declaration reveals that a multitude of line-item payment in the first declaration do not have matching payment records in the second declaration. Specifically, payment records document only $667,053.93 in payments.

The absence of payment records that do not correspond with each line-item payment in the first declaration is a conflict in the damage calculation, which creates genuine issues of material fact that warrant a denial of Travelers' MSJ.

Additionally, a large part of the payment records attached to the second declaration were not produced prior to the factual-discovery cutoff. Under federal rules, a party that fails to provide information as required by Rule 26(a) or (e) is not permitted to use that information at a trial, unless the failure was substantially justified or is harmless. The error was not harmless, as discussed in this opposition.



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

Finally, USS Cal submits that Travelers is not entitled to reimbursement for equitable reasons. USS Cal's own insurer retained defense counsel which provided a complete defense. Yet, Travelers elected to assign its own defense counsel, which resulted in overlapping and duplicative services, rather than join with the defense counsel retained by USS Cal's insurer.

Accordingly, USS Cal contends it is inequitable for USS Cal to bear the burden of reimbursing Travelers for defense fees and costs when USS Cal's own insurer furnished a complete defense.

## II.

## TRAVELERS' REIMBURSEMENT CLAIM

In accordance with the Court's order [ECF 129] dated July 9, 2026, through which the Court held that Travelers owed no duty to defend USS Cal in the underlying action, Travelers now seeks equitable reimbursement from USS Cal, pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005).

Specifically, Travelers alleges is incurred $885,678.08 in fees and costs in defending USS Cal through the policies issued to ASF Electric (ASF). Similarly, Travelers alleges is incurred $671,428.11 in fees and costs in defending USS Cal through the policies issued to T3, Inc. (T3). The total reimbursement claim is $1,557,106.19.

In support of its MSJ, Travelers submitted the declarations of Rene Daley (counsel for Travelers) and Rochelle Ware (Travelers' construction-unit Claims Manager).

### A. DALEY DECLARATION

The Daley declaration attaches Exhibits 2 and 3 [ECF 139-1]. Exhibit 2 is a 7-page document entitled **Financial Detail** which is a summary of defense payments. Starting on the middle of face page of Exhibit 2 (p. 38 of 57) is a caption entitled **Payment Detail**. Under the **Payment Detail** caption is a multi-



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

page matrix (pp. 38-44 of 57) that summarizes what appears to be each payment made by Travelers to defense counsel, as well as payments made to other vendors, through the policies issued to T3. The payments total $671,428.11.

Exhibit 3 (pp. 46-57) is a 10-page document entitled **Financial Detail**. Under the **Payment Detail** caption is a multi-page matrix that summarizes defense payments made through the policies issued to ASF. The payments total $885,678.08.

**B. <u>WARE DECLARATION</u>**

The Ware declaration attaches Exhibits 4 and 5 [ECF 139-2] in support of Travelers' MSJ.

Exhibit 4 (pp. 4-113) is a 109-page document that appears to be a compendium of checks and EFT records for financial transactions associated with Travelers' defense of USS Cal (according to the declaration) through the policies issued to ASF.

Exhibit 5 (pp. 115-146) is a 32-page document that appears to be a compendium of checks and EFT records of financial transactions associated with Travelers' defense of USS (according to the declaration) through the policies issued to T3.

**III.**

**<u>ISSUE AT BENCH</u>**

The issue before the court is whether Travelers has established its damages through admissible evidence.

/ / /

/ / /

/ / /

/ / /

/ / /



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

# IV.

# LEGAL AUTHORITY

## A. SUMMARY-JUDGMENT STANDARD

Summary judgment provides a procedure for terminating an action without trial when “there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.” (Fed.R.Civ.P. Rule 56.)

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 327 (1986). The moving party can satisfy its burden by either presenting evidence that negates an essential element of the non-moving party's case, or by demonstrating the non-moving party failed to make a showing sufficient to establish an essential element to that party’s case. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

### 1. Conflicting & Unsupported Evidence

The court does not make credibility determinations or weigh conflicting evidence at the summary-judgment stage. (*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 , 984 (9th Cir. 2007).) Additionally, the court must draw all reasonable inferences in favor of the non-moving party. (*In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).)

Furthermore, a moving party must identify evidence that demonstrates the absence of a genuine issue of material fact. (*Moten v. Pulido*, 2024 WL 4229315 at *25 (C.D. Cal. 2024) — citing to *Celotex*.) The court may not consider inadmissible or unsupported facts in its summary-judgment analysis. (*Guillen v. Thompson*, 2010 WL 2595140, at *25 (D. Ariz. 2009).).

/ / /

/ / /

/ / /



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

V.

ARGUMENT

**A. TRAVELERS PROFFERS CONFLICTING & UNSUPPORTED EVIDENCE IN SUPPORT OF ITS MSJ**

**1. Evidence In The Daley Declaration Does Not Altogether Correspond With The Evidence In The Ware Declaration**

Exhibits 4 and 5 attached to the Ware declaration appears to be the back-up documents (*e.g.*, payment records) for each of the line-items in the **Payment Detail** matrix attached as Exhibits 2 and 3 to the Daley declaration. For example, the third line-item on p. 38 of 57 (Bates # TRV008391) of the matrix in Exhibit 2 denotes (in the third column) a payment of $526.61 (reference # EFT0l-0002841093) to the law firm Lee Hernandez, Landrum & Garagola (LHL&G). The $526.61 payment corresponds with a payment record in Exhibit 4 of the Ware declaration (p. 93 of 148 - Bates # TRV00016833).

There is a plethora of line-items in the **Payment Detail** matrix, however, that do not have corresponding payment records in the Ware declaration. The following matrix summarizes line-items without corresponding payment records with respect to the T2's policies:

| EXHIBIT 2 | AMOUNT | REFERENCE # |
|---|---|---|
| **Page 38 of 57** | | |
| PAYMENT DETAIL | | |
| Line 1 | $686.60 | 2885041 |
| Line 2 | $2,033.13 | 2857877 |
| Line 5 | $933.24 | 2799664 |
| Line 6 | $794.67 | 2775433 |
| Line 7 | $731.93 | 2759572 |
| **Page 39 of 57** | | |
| Line 1 | $479.95 | 2740628 |
| Line 2 | $964.80 | 2736154 |
| Line 3 | $1,337.87 | 2717183 |
| Line 6 | $636.00 | 2680650 |
| **Page 41 of 57** | | |



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-8486

| | | |
|---|---|---|
| Line 1 | $1,490.89 | 95957342 |
| Line 7 | $1,238.93 | 95801440 |
| Line 9 | $23.71 | 95682508 |
| Line 10 | $9,065.24 | 95654075 |
| **Page 42 of 57** | | |
| Line 2 | $48,442.75 | 95468897 |
| Line 7 | $4,450.00 | 94949160 |
| **Page 43 of 57** | | |
| Line 4 | $3,625.65 | 93694619 |
| Line 7 | $12,025.91 | 93580724 |
| Line 9 | $14,025.79 | 93273366 |
| Line 10 | $629.27 | 93273366 |
| **Page 44 of 57** | | |
| Line 4 | $8,200.50 | 1983814 |
| Line 5 | $309,544.51 | 93079059 |
| Line 6 | $3,156.25 | 93075182 |
| Line 7 | $16,815.42 | 93075181 |
| Line 8 | $6,466.02 | 92974621 |
| **TOTAL** | **$447,799.03** | |

(Derfler Decl. at ¶s 3-4.)

The following matrix summarizes line-items without corresponding payment records with respect to the ASF's policies:

| **EXHIBIT3** | **AMOUNT** | **REFERENCE #** |
|---|---|---|
| **Page 48 of 57** | | |
| Line 4 | $686.67 | 2884109 |
| Line 5 | $2,033.13 | 2857876 |
| Line 9 | $4,130.00 | 97956496 |
| Line 10 | $933.24 | 2797653 |
| Line 12 | $794.59 | 2775083 |
| **Page 49 of 57** | | |
| Line 1 | $2,102.88 | 97659994 |
| Line 2 | $731.93 | 2759571 |
| Line 3 | $479.95 | 2741424 |
| Line 4 | $964.80 | 2736153 |
| Line 5 | $1,337.87 | 2717182 |
| Line 7 | $617.94 | 2695757 |
| **Page 51 of 57** | | |
| Line 2 | $1,520.33 | 96151320 |
| Line 4 | $2,729.81 | 96021272 |





WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

| | | |
|---|---|---|
| Line 9 | $1,238.93 | 95936948 |
| **Page 52 of 57** | | |
| Line 1 | $23.73 | 95688062 |
| Line 2 | $9,065.25 | 95656649 |
| Line 6 | $42,829.80 | 95468898 |
| Line 11 | $4,450.00 | 94949159 |
| Line 12 | $833.03 | 94932589 |
| **Page 53 of 57** | | |
| Line 1 | $4,779.91 | 94834637 |
| Line 7 | $4,031.31 | 93849098 |
| Line 8 | $3,625.65 | 93849097 |
| Line 9 | $26,681.00 | 93673525 |
| **Page 54 of 57** | | |
| Line 3 | $3,156.32 | 93103292 |
| Line 4 | $23,795.86 | 93079058 |
| Line 5 | $186,235.30 | 93079058 |
| **Page 55 of 57** | | |
| Line 1 | $112,434.00 | 92218635 |
| TOTAL | **$442,253.23** | |

(Derfler Decl. at ¶s 5-6.)

In short, Travelers has documented damages of $437,879.05 through the ASF policies, and $229,174.88 through the T3 policies — for a total of $667,053.93 as illustrated in the following matrix:

| CLAIM NO. | INSURED | AMOUNT CLAIMED | AMOUNT DOCUMENTED | AMOUNT UNDOCUMENTED |
|---|---|---|---|---|
| ACQ6431 | ASF | $885,678.08 | $443,424.85 | $442,253.23 |
| ACQ7478 | T3 | $671,428.11 | $223,629.08 | $447,799.03 |
| **TOTAL** | | **$1,557,106.19** | **$667,053.93** | **$890,052.26** |

In short, Travelers is seeking damages of $1,557,106.19, but has documented damages of only $667,053.93 — a differential of $890,052.26

The absence of corresponding payment records in support of the **Payment Detail** essentially creates a conflict in the damage calculation, which warrants a denial of Travelers' MSJ. (*Cont'l Ins. Co. v. Premier Transp. & Warehousing,*



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-8486

*Inc.*, 2019 WL 8628717 at *31 (C.D. Cal 2019) — summary judgment is not appropriate where the amount of damages is disputed due to a conflicting damages calculation. See also *GCB Communs., Inc. v. Next-G Commun., Inc.*, 2011 U.S. Dist. LEXIS 163224 at *5 (D. Ariz. 2011) — conflicting evidence made granting plaintiff summary judgment on damages inappropriate.)

## B. TRAVELERS FAILED TO PRODUCE DOCUMENTS PRIOR TO DISCOVERY CUTOFF THAT ESTABLISH ALL CLAIMED DAMAGES

USS Cal propounded document-production requests seeking records establishing Travelers' payments (*viz.*, checks or electronic-transfer records) issued to the defense counsel defending USS Cal. (Derfler Decl. at ¶ 7) Not all of the payment records attached to the Ware declaration, however, were produced prior to the close of fact discovery. (Derfler Decl. at ¶ 8.)

On June 22, 2026, the day Travelers' expert was deposed — which was after the close of fact discovery — Travelers produced thousands of documents to USS Cal and co-defendant Project Frog, Inc. (PFI). (Derfler Decl. at ¶ 9.) Consequently, it was impossible for USS Cal (or PFI) to review thoroughly any of the documents prior to the start of the deposition.

Moreover, documents attached to a declaration filed in support of Travelers' pending MSJ, which purport to be payment records, were produced after the close of fact discovery on October 1, 2026. (Derfler Decl. at ¶ 8.)

### 1. Travelers' Failure To Produce All Of Its Supporting Documents Before The Factual Discovery Cutoff Renders The Evidence Inadmissible

Under Fed.R.Civ.P. Rule 37(c)(1), if a party fails to provide information as required by Rule 26(a) or (e), that party is not permitted to use that information at a trial, unless the failure was substantially justified or is harmless. Judicial interpretation of Rule 37(c)(1) holds exclusion of non-disclosed evidence is



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

automatic and mandatory unless non-disclosure was justified or harmless. (*Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); see also *Mirshafiei v. Legal Recovery Law Offices, Inc.*, 2016 U.S. Dist. LEXIS 143625 at *15, fn. 15 (C.D. Cal. 2016) — documents would be inadmissible because they were not provided during discovery; *L.D. v. EzyRoller, LLC*, 2024 WL 5416670, at *12 (C.D. Cal. 2024 — a party that fails to meet its disclosure obligations under Rule 26 may not use that evidence at trial unless the failure was substantially justified or is harmless.)

The *Tribble* decision discusses the factors a district court considers in deciding whether non-compliance with Rule 26(a) is harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the offending party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. (*Id.* at p. 760.)

Travelers' failure to produce payment records was prejudicial to USS Cal. Specifically, USS Cal was deprived of the opportunity to examine both Travelers' 30(b)(6) and expert witnesses. Additionally, multiple meet/confer correspondence was sent to Travelers' counsel concerning its failure to produce, which establishes the element of bad faith. Furthermore, as of this date, it is too late to cure the prejudice.

Accordingly, USS Cal requests that the court deem the late-produced payment records attached to the Ware declaration as inadmissible evidence.

**C. TRAVELERS' DEFENSE OF USS CAL THROUGH SEPARATE COUNSEL DUPLICATED THE EFFORTS OF DEFENSE COUNSEL RETAINED BY USS CAL'S INSURER**

Travelers is seeking equitable reimbursement of defense expenses only from USS Cal. As the party seeking to recover, Travelers bears the burden of proving a right to reimbursement. (*Buss v. Superior Court*, 16 Cal.4th 35, 53 (1997) —



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

"Evidence Code section 500 provides that, generally, a party desiring relief must carry the burden of proof thereon. We can find no exception for an insurer seeking reimbursement for defense costs. We will create none.")

An insurer is contractually obligated to undertake reasonable and necessary efforts to defend an insured, and incur reasonable and necessary costs to achieve that purpose. A defending insurer's obligation is to pay "reasonable and necessary" defense costs. (*Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 58 (1997).

At the same time, California courts look with judicial disfavor toward claims for reimbursement of attorney's fees by one law firm that duplicates the efforts of another law firm. (See *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal. App. 4th 819, 844 (2001) — "Because of this duplication, and the approval by the trial court of all the hours they claimed, Kassof and Alioto received a combined fee of $402,990 for representing Thayer – which was more than 36 percent of the total fees awarded all counsel for plaintiffs in all five coordinated cases.")

USS Cal's defense was tendered to USS Cal's insurer — Allied World Assurance Company (U.S.) Inc. (Allied World) — which retained the law firm of Burham & Brown (B&B) as defense counsel. (Derfler Decl. at ¶ 10.)

USS Cal's personal counsel Feldman & Associates tendered USS Cal's defense to Travelers. (Derfler Decl. at ¶ 11.) Instead of retaining B&B, Travelers elected to retain LHL&G.

USS Cal submits there is no reason why USS Cal should have to reimburse Travelers due to its decision to assign separate defense counsel. Travelers, by not joining the other defending insurers in a joint defense, incurred additional expense by assigning a separate, redundant, unnecessary law firm.

Travelers has not demonstrated that the defense fees and costs being claimed were reasonable and necessary. Furthermore, retention of separate counsel facially



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

establishes the claimed fees and costs were unreasonable and unnecessary. As such, there is no basis for USS Cal to be obligated to pay the cost of Travelers' separate counsel where USS Cal was already being defended by B&B.

Allied World and other insurers paid for a full and complete defense of USS Cal through B&B. There is no evidence of any agreement about allocation of particular responsibilities that LHL&G alone would handle. Additionally, there is no legal or logical basis for USS Cal to pay the cost of a second law firm working alongside B&B.

Travelers' claim against USS Cal is for equitable reimbursement. There is no equity, however, in saddling USS Cal with unreasonable and unnecessary defense expenses incurred by Travelers. Accordingly, USS Cal submits it should not have to reimburse Travelers for defense fees and costs due to its decision to retain separate counsel.

## VI.

## <u>ADMIRAL'S EVIDENTIARY OBJECTIONS</u>

| TRAVELER'S SUPPORTING EVIDENCE | USS CAL'S OBJECTIONS |
|---|---|
| 1. Exhibit 4 to Ware declaration (¶ 3). | Inadmissible evidence due to failure to produce documents relied upon prior to close of factual discovery. (Fed. R. Civ. P. 26(a); Fed.R.Civ.P. Rule 37(c)(1); *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Mirshafiei v. Legal Recovery Law Offices, Inc.*, 2016 U.S. Dist. LEXIS 143625 at *15 (C.D. Cal. 2016); *L.D. v. EzyRoller, LLC*, 2024 WL 5416670, at *12 (C.D. Cal. 2024).) |
| 2. Exhibit 5 to Ware declaration (¶ 4). | Inadmissible evidence due to failure to produce documents relied upon prior to close of factual discovery. (Fed. R. Civ. P. 26(a); Fed.R.Civ.P. Rule |



WALSH LEA FURCOLO LLP
402 WEST BROADWAY
SUITE 1010
SAN DIEGO, CALIFORNIA
92101
TELEPHONE (619) 232-8486

| | |
|---|---|
| | 37(c)(1); *Tribble v. Evangelides*, *supra*, 670 F.3d at p. 760; *Mirshafiei v. Legal Recovery Law Offices, Inc.*, *supra*, 2016 U.S. Dist. LEXIS 143625 at *15; *L.D. v. EzyRoller, LLC*, , *supra*, 2024 WL 5416670, at *12.) |

## VII.

## CONCLUSION

Based on the foregoing, USS Cal submits the absence of corresponding payment records in support of the **Payment Detail** proffered as evidence of Travelers' damages essentially creates a conflict in the damage calculation, and a genuine dispute of material facts.

Additionally, USS Cal contends that the payment records produced after the close of fact discovery renders the evidence as inadmissible for purposes of the present motion.

Finally, USS Cal submits that Travelers is not entitled to reimbursement for equitable reasons. Travelers elected to assign its own defense counsel, which resulted in overlapping and duplicative services, rather than join with the defense counsel retained by USS Cal's insurer. Therefore, it would be inequitable for Travelers to recover equitable reimbursement from USS Cal.

Accordingly, USS Cal requests that the court deny Travelers' MSJ.

DATED: October 19, 2026 WALSH LEA FURCOLO LLP

By: */s/ James T. Derfler*
James T. Derfler
Attorneys for Defendant
USS CAL BUILDERS, INC.